IMG-252                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3025
_____

JYOTI CHADHA; PROMINI CHADHA;
SANDEEP CHADHA, KHAWAB CHADHA,
                                                            Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A099-041-257, A099-041-258, A070-868-852, & A070-868-853)
Immigration Judge: Honorable Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 8, 2010)
_____

OPINION
_____

PER CURIAM

    Jyoti Chadha, her husband Sandeep, and her children, Promini and Khawab,

petition for review of a decision of the Board of Immigration Appeals (BIA).  For the

reasons below, we will deny the petition for review.

Petitioners are citizens of India who entered the United States as visitors. In February 2006, they were charged as removable for overstaying their admission periods.[1] They conceded removability, and Jyoti Chadha applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2] Before the Immigration Judge (IJ), Chadha testified that she was involved in the women's rights movement in India and that, because of her involvement, police targeted her and her husband. Specifically, she and Sandeep testified to an incident wherein police detained Sandeep and beat him. The IJ found petitioners incredible and denied all applications for relief. On appeal, the BIA upheld the adverse credibility finding and concluded that even taking Chadha's allegations as true, the mistreatment did not rise to the level of persecution. Chadha filed a timely petition for review from that order.

We have jurisdiction under 8 U.S.C. § 1252. To establish eligibility for asylum, Chadha must demonstrate either past persecution or a well-founded fear of future persecution in India on account of race, religion, nationality, membership in a particular social group, or political opinion. See Vente v. Gonzales, 415 F.3d 296, 300 (3d Cir.

---

[1] Khawab, a minor, entered the United States without being inspected or admitted. He was charged as removable for being present in the United States without being admitted or paroled.

[2] References to "Chadha" or "petitioner" are to Jyoti as the lead petitioner. The remaining petitioners would be derivative beneficiaries on Jyoti's asylum claim but not on her claims for withholding or CAT relief.

2

2005).  For withholding of removal, she must demonstrate that it was more likely than not that her life would be threatened in India on account of one of these protected grounds. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A).  To be eligible for withholding of removal under the Convention Against Torture, she needs to demonstrate that it is more likely than not that she would be tortured if removed to India.  8 C.F.R. § 1208.16(c)(2).  We review the BIA's factual determinations under the substantial evidence standard.  Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).  The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We exercise de novo review over the BIA's legal decisions. Toussaint v. Att'y Gen., 455 F.3d 409, 413 (3d Cir. 2006).

Past Persecution

We need not address the adverse credibility finding because we agree with the BIA that, even taking petitioners' testimony as credible, the incidents they described do not rise to the level of persecution.  Though Chadha testified that she believed that police were following her and monitoring her activities, the only act of physical harm anyone in her family suffered was her husband's encounter with the police during which he was slapped in the face and beaten on the legs.[3]  The BIA observed that Sandeep did not

_____

[3] Chadha also testified that two men dressed as civilians attempted to kidnap her daughter, Promini.  Her daughter was not harmed, and Chadha did not report the incident to the police.

3

require professional medical attention. This incident does not rise to the level of persecution. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (beating with sticks by police that produced no injuries needing medical treatment not persecution); Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993) (stating persecution requires threats to life so severe that they constitute a threat to life or freedom).

Future Persecution

Chadha also argues that she has a well-founded fear of persecution. Substantial evidence supports the BIA's finding that Chadha failed to demonstrate a reasonable fear of future persecution. The BIA found that Chadha's fear of future persecution was undermined by her return to India.[4] While she argues before this Court that there is a pattern or practice in India of persecution of women's rights activists, Chadha did not raise this argument before the BIA, and we lack jurisdiction to consider it. Under 8 U.S.C. § 1252(d)(1), we may review a final order of removal only if the petitioner has exhausted all administrative remedies.

Withholding of removal and relief under the CAT

Because she has not met the standard for asylum, Chadha cannot meet the higher standard for withholding of removal. Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006). Chadha argues that the BIA should not have relied on the adverse credibility

---

[4] Chadha entered the United States in June 2003 as a visitor and returned to India in October 2003 after the attempted kidnaping of her daughter.

finding in evaluating her CAT claim. However, the BIA did not state that it was basing the denial of the CAT claim on the adverse credibility finding; it concluded that there was no evidence to establish that it was more likely than not that petitioners would be tortured if removed to India. Chadha has not shown that the record compels a finding that she is likely to be tortured in India so as to entitle her to relief under the CAT.

Due process claim

Petitioner argues that several errors in the translation at her hearing denied her due process. She contends that the errors prejudiced her because they impacted the IJ's adverse credibility finding. The BIA concluded that her argument that her rights to due process were violated by translation errors was waived. It also determined that Chadha was not prejudiced by any errors. Because we are not relying on the adverse credibility finding, Chadha was not prejudiced by translation errors with respect to the credibility finding. Chadha also argues that the interpreter's mistakes denied her an opportunity to convey her testimony accurately. She does not, however, point to any information regarding her claims that was distorted or explain how she was prejudiced.

For the reasons above, we will deny the petition for review.